UNITED STATES DISTRICT COURT

OF THE

WESTERN DISTRICT COURTS

CHRISTOPHER BROWN

        PLAINTIFF

V

ALLIED UNIVERSAL
PROTECTION SERVICES LLC

        DEFENDANT

CASE NO: ~~NOT ASSIGNED~~

25 CV 6311 EAW

**COMPLAINT FOR RELIEF**

PRESIDING:

HON. ELIZABETH A. WOLFFORD

## <u>COMPLAINT</u>

Come now plaintiff Christopher Brown brings forth complaint for relief of the defendant's actions in violation 42 U.S.C SEC. 2000 et seq., 29 U.S.C. SEC. et. seq., 42 U.S.C. SEC. 1985 addressing 42 U.S.C. SEC. 1986, 18 U.S.C. SEC. 1589, and 18 U.S.C. SEC. 1621. The Plaintiff Christopher Brown seeks relief of all merits alleged below against the defendant captioned above in the matter for unlawful employment engagement in violation of the laws provisioned to them. The matter will be heard by the Western District Courts on 01 day of July 2025; or soon thereafter. Proceedings will be held at the Western District Courts at 100

1

State Street Rochester, NY 14614. Presiding over the matter is Honorable Elizabeth A. Wolford.

## I. JURISDICTION

1. Jurisdiction is the ailment of the proceedings in which the Western District Courts have jurisdiction to condone legal judicial proceedings regarding the defendant actions to acclimate relief of the plaintiff's alleged merits. This vehicle allows for the Western District Courts to have jurisdiction over the merits brought for relief of federal and state supplemental claims. Jurisdiction is proper pursuant to the following:

## FEDERAL QUESTION OF 13TH AMENDMENT CONSTITUTIONAL VIOLATION

2. Jurisdiction is proper pursuant to 28 U.S.C. SEC. 1331 as plaintiff brings forth causes of actions against the defendants in violation of 18 U.S.C. SEC. 1589, due to defendant's actions to permit the plaintiff to forced labor in violation of the plaintiff's 13th Amendment Constitutional amendment right. Federal question arises as to whether the defendant's engaged in actions which violate of the plaintiff's 13th Constitutional Amendment Right.

## DIVERSITY JURISDICTION

3. Jurisdiction is proper pursuant to 28 U.S.C. SEC. 1332 as to it matter in question of the amount in controversy exceeds the amount of $75,000 and as to it defendant's are a corporate entity from California who maintains jurisdiction

within the state of New York through a primary place of business located at such.

## FAIR LABOR STANDARD ACT – CIVIL ACTION

4. Jurisdiction is proper pursuant to 29 U.S.C. SEC. 216 for actions of which arise due to violations of 29 U.S.C. SEC. 201 et. seq., specifically addressing 29 U.S.C. SEC. 207 for actions which arise due to failure to compensate for overtime. Language pursuant to 29 U.S.C. SEC. 216(b) enables plaintiff to bring forth cause of action within Western District Courts jurisdiction.

## FORCED LABOR 13TH AMENDMENT VIOLATION – CIVIL ACTION

5. Jurisdiction is proper for merits brought under 18 U.S.C. SEC. 1589 and 13th Constitutional Amendment right pursuant to 18 U.S.C. SEC. 1595; as to it the defendants actions violate the trafficking victims' protections act. Plaintiff remands to the courts that defendants engaged in actions through the coercion and threats of loss of employment of serious harm to compel the plaintiff to employment and human trafficking through the dates of 13 day of April 2022 through 14 day of July 2022.

## DISCRIMINATION IN VIOLATION OF 42 U.S.C. SEC. 2000e-2 – CIVIL EMPLOYMENT ACTION

6. Jurisdiction is proper pursuant to 42 U.S.C. SEC. 2000e-5 maintains that civil action may be brought against the defendants within federal courts after exhaustion of administrative remedies against employers who violate

3

provisions of 42 U.S.C. SEC. 20000e-2.  The plaintiff asks the courts to hear causes of actions pursuant to 42 U.S.C. SEC. 2000et seq.

## DISCRIMINATION IN VIOLATION OF 42 U.S.C. SEC. 2000e-2 – CIVIL EMPLOYMENT ACTION

8. Jurisdiction is proper pursuant to 42 U.S.C. SEC. 2000e-5 maintains that civil action may be brought against the defendants within federal courts who violate provisions of 42 U.S.C. SEC. 2000e-3 after filing of charge with equal employment opportunity commission as exhaustion of administrative remedies.  Plaintiff asks the courts to hear cause of action pursuant to 42 U.S.C. SEC. 2000e-3 based upon defendants' retaliation.

## N.Y. EXECUTIVE LAW ARTICLE 15 SEC. 296 – CIVIL EMPLOYMENT ACTION

9. Jurisdiction for merits brough under N.Y. Executive Law Art. 15 SEC. 296 as supplemental claims for 42 U.S.C. SEC. 2000e-2, 42 U.S.C. SEC. 2000e-3 pursuant to 28 U.S.C. SEC. 1367.   Federal courts can maintain original jurisdiction over state-law claims.

## II.   VENUE

10. Western District Court holds venue pursuant to 28 U.S.C. 1391(b)(2) as to it being the judicial district in which the actions occurred in.

4

## III.   PARTIES

6. Plaintiff Christopher Brown is a resident of New York State, within the county of Monroe. Plaintiff has a primary address located at 3400 Monroe Ave Suite 106 Rochester, New York 14618.

7. Defendant's Allied Universal Protection Services LLC are a security guard service group. Defendant has a principal place of business whose last known address was located at 180 South Clinton Ave Rochester, NY 14604. Defendant's employ over 500 employees throughout the United States of America and abroad. Defendant has corporate office located in 161 Washington Street Suite 600, Coonshoocken, Pennsylvania 19248. Defendants company hail from the state of California.

## IV.   ADMINISTRATIVE PREQUISISTES

8. Plaintiff Christopher Brown filed with Equal Employment Opportunity Commission in May of 2022 due to discriminatory actions by the defendant.

9. Plaintiff Christopher Brown filed with the New York State Department of Human Rights for violations of N.Y. Executive Law Article 15 Sec. 296 in 2022. New York State Department of Human Rights come up with the determination of "No Probable "cause on 05 day of December 2022. Meeting the prerequisite of the Western District Courts requiring the investigation by state agency prior to bring supplemental claims for relief in violation of N.Y. Executive Law Art. 15 Sec. 296 in support of Federal claims pursuant to 42 U.S.C. Sec. 2000e-2.

10. Plaintiff filed with the Department of Labor in 2022 a Labor standard complaint document LS 223. Plaintiff additionally filed with Department of Labor through Brandon Cotter and Susan H. Green documents for Wage and Hour violations pursuant to 29 U.S.C. SEC. 207 for failure to compensate overtime. Plaintiff Chrisotpher Brown was provided with 216(b) document by Department of Labor due to Department of Labor Wage and Hour Division not wanting to move forward with plaintiff's case against defendants.

## V.     ADMINISTRATIVE JUDICIAL REQUESTS

11. Plaintiff Christopher Brown demands jury trial on the merits of the complaint for this judicial matter pursuant to his 7th Constitutional Amendment Right being as such civil rights claim for relief by the plaintiff is in excess of $20.

*"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury shall be other wise reexamined by any Court of the United States, than according to the rules of common law. "*

*Citing Fall River Press Contributing: 2002 Sterling Publishing Co., Inc, 12 day of June 12, 2025; Union Square Co.*

## VI.    BACKGROUND FACTS

12. Plaintiff started employment with defendant on 13 day of April 2022; plaintiff hired through defendant as a Security Guard Professional.

13. Throughout the plaintiff's employment the defendants' employees during the months of April 2022 failed to report on-the-job injury which occurred at the defendant's primary place of contractor's employment the Rochester Greater Regional Transit Authority. Defendants Client liaison Karen Alianel through text message asks then establishes plaintiff work for alternate employee Kari due to transportation injury which occurred while off the job giving the defendant's employee Kari day(s) off from work. Plaintiff had to work while injured due to defendants' employee's failure to adequately uphold defendants company policy and both state and federal applicable laws.

14. Plaintiff from the start of employment on 13 day of April 2022 through 14 day of June 2022 was not properly compensated by the defendant's employees for both hours of labor performed under 40 and overtime hours of labor more than 40 hours pursuant to 29 U.S.C. SEC. 201 et seq.

15. Plaintiff Christopher Brown attempted to cure the failure to compensate through email, texts and other means prior to filing claims within the Department of Labor due to failure to compensate the plaintiff for labor.

16. Defendant's employees began to retaliate against the plaintiff through removal of the plaintiff from contracted places of employment. Alternatively administering disciplinary meetings with the plaintiff to establish adverse documentation against the plaintiff and terminating the plaintiff on 14 day of June 2022.

7

17. In May of 2022 plaintiff was threatened by the defendants' employees through the threat of serious harm and coercion as the defendants' employees continued through scheme to prey upon the plaintiff and subjecting the plaintiff to forced labor and non – compensation for all hours of labor performed in violation of 18. U.S.C. SEC. 1589.

18. Plaintiff essentially terminated on 14 day of July 2022 after filing report with the contracted place of employment Charter – Spectrum after filing documents pertaining to loss of sight with security system.

19. Plaintiff during employment filed claims with agencies of which defendant's employees became irate with and retaliated against the plaintiff for filing such.

## VII.   MERITORIOUS CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION - VIOLATION OF 29 U.S.C. SEC. 201 et seq. – FAIR LABOR STRRANDARDS VIOLATION – SPECIFICALLY 29 U.S.C. SEC. 207 FOR FAILURE TO COMPENSATE OVERTIME

20. Plaintiff Christopher Brown was employed by defendants from 13 day of April 2022 through 14 day of July 2022. Plaintiff initially contracted by the plaintiff at the rate of $17 dollars per hour. As shown in the attached exhibit A4.

21. Defendants through the tenure of the plaintiff's employment fail to compensate the plaintiff for employment pursuant to 29 U.S.C. SEC. 201 et seq., specifically addressing title 29 U.S.C. SEC. 207 overtime provisions. Plaintiffs through a multitude of internal labor contracts accepted to perform

8

labor for defendants as a security guard for defendants contracted components defendant's fail to compensate the plaintiff in the amount of approximately $ 8543.84 for the labor performed. The exact amount will be proven at trial on the merits or during the discovery of additional documents in relation to plaintiff's labor from the defendant's and alternate third parties.

a. **EXCELLUS BLUE CROSS BLUE SHIELD**

1. Plaintiff not compensated by defendants for work performed at defendant's contracted location of Excellus Blue Cross Blue Shield due to expression made by defendant's employees of such location that the returning employee who was on leave due to pregnancy was in fact returning to defendant's contracted primary place of employment located at 165 Court Street, Rochester, New York 14647. Plaintiff Christopher Brown interviewed Excellus Blue Cross Blue Shield Prior to 13 day of April 2022 and the site supervisor forced plaintiff to provide phone number and social security number to perform additional background checks outside of defendant's company. Shortly after the plaintiff's company bank account began to exhibit signs of distress due to manipulations on plaintiff's Wisely bank account. Plaintiff denied position with defendant's contracted employer based upon plaintiff's race and sex pursuant to 42 U.S.C. SEC. 2000e-2.

2. Plaintiff Christopher Brown only spent approximately 2 hours at the defendant's insurance site.

3. In the event compensation is applicable then the plaintiff is entitled to recovery of $34 dollars pursuant to 29 U.S.C. SEC. 216(b). Plaintiff in the discretion of defendant's employment as to such would constitute being on defendants' property at such time.

b. **ROCHESTER GREATER REGIONAL TRANSPORTATION AUTHORITY**

1. Plaintiff Christopher Brown employed through defendant's Allied Universal Protection Services LLC contracted to perform security guard services for the Rochester Greater Regional Transit Authority, began on 18 day of April 2022 through 18 day of May 2022. Plaintiff removed after making internal whistle-blower complaint to Karen Alianel Employee Liaison on 18 day of May 2022. During employment on multiple occasions plaintiff was not compensated for overtime by the defendant pursuant to 29 U.S.C. SEC. 207. The language of the law permits the plaintiff for time and half compensation for all labor performed over 40 hours. As the law states pursuant to 29 U.S.C. SEC. 216(b) plaintiff is entitled to recovery for all instances of which defendant's failed to compensate the plaintiff pursuant to 29 U.S.C. SEC. 207 at the time and a half ratio; additionally, 29 U.S.C. SEC. 206 for all labor performed under 40 hours.

2. Plaintiff on 18 day of April 2022 signed New York State Labor documents stating that the plaintiff4would be compensated at the amount of $16.73 per hour, when addressing the amount of such for time and a half the plaintiff's compensation is at the rate $25.10 per hour. See attached exhibit A4. New York State additionally provided the plaintiff with additional compensation for hours of labor performed on the overnight shift work at the supplemental rate of $2.16 per hour for the RGRTA location. Thus, making plaintiff's compensation for labor at the rate of 18.89 per hour and the time and a half rate of $28.34 per hour.

3. Plaintiff is entitled to the total amount of approximately $4569.84 pursuant to 29 U.S.C. SEC. 216(b) for a compensatory relief damage due to defendant's failure to compensate. Plaintiff is also entitled to an additional amount of liquidated damages in the amount of $4569.84 pursuant to 29 U.S.C. SEC. 216(b) which is double the number compensatory damages due to the defendant's intentional wilful actions to not properly compensate the plaintiff as established within the attached exhibits A3 – A8. Plaintiff Christopher Brown through multiple meetings, text messages, emails and other forms of communications made defendants aware of the fact plaintiffs were not being compensated properly and defendants neglected to compensate plaintiffs. Defendants engaged in acts of retaliation

11

towards the plaintiff in violation of 29 U.S.C. SEC. 215(a)(3) after plaintiff engaged into protected activities concerning reporting of failure to compensate.

### c. ROCHESTER INSITUTE OF TECHNOLOGY

1. Defendants as shown in attached exhibit A3 plaintiffs earning statement plaintiff is only compensated for 8 hours of work on 05 day of May 2022; attached exhibit A5 - Time Keeping Report showing only 8 hours of time clocked into defendant's system; and within exhibit E1, text message between plaintiff and defendant's Karen Alianel in which the defendant's employee liaison requests the plaintiff stay until 0900 on the 05 day of May 2025. Defendants only compensate the plaintiff for 8 hours at the rate of $14.50 per hour in which the plaintiff signed NYS Wage document on 18 day of April 2022 for compensation of $16.73 per hour. Thus, the compensation of the plaintiff's compensation missing is an amount equal to 7.5 hours at the rate of $16.73. In this instance pursuant to 29 U.S.C. SEC. 216(b) the plaintiff would be entitled to recover the total amount of $72 for the labor performed on the 04 day of May 2022 through 05 day of May 2022 from the hours of 1600 through 0930. Additionally pursuant to 29 U.S.C. SEC. 216(b) the plaintiff is entitled to liquidated damages due to wilful acts in the amount of $114 to punish and deter the defendant engaging in such actions.

12

2. Plaintiff is entitled to the recovery of $72 for the additional hours of labor from 02:00 on 05 day of May 2022 through 0930 on 05 day of May 2022. Plaintiff is owed compensation for the seven and a half hours of labor performed for the defendant's which is to be compensated at the amount of time and a half pursuant to 29 U.S.C. SEC. 207.

d. **TOPS FRIENDLY MARKETS**

1. Plaintiff Christoper Brown began working for the defendant's contracted employer Tops Friendly Markets on 20 day of May 2022 after filing whistle-blower report to the defendant's due to company violation based upon harassment incident within defendant's contractor's Rochester Greater Regional Transit Authority's break room. Defendants never sign plaintiff to a NYS Wage Labor Form yet through verbal acknowledgement state to the plaintiff that the amount of compensation for labor performed would at the hourly rate of $20. As the language of 29 U.S.C. SEC. 207 permits this would equate to the time and a half rate being $30 per hour. Plaintiff worked for the defendant from 20 day of May 2022 through 10 day of June 2022 as shown in the attached exhibit A5 - plaintiff's time report. Plaintiffs can establish such days of working due to defendants' Lisa program sending plaintiff text message when plaintiff would perform clocking procedures. Although

13

the courts might not recognize the system to penalize the defendant such text messages can be used to allocate the plaintiff worked for the defendants on that specific day.

2. Plaintiff on the dates of 23 day of May 2022, 30 day of May 2022 due to defendant's failure to adequately acquire employees to perform labor for the site due to emergency acquisition of security personnel based upon shooting in Buffalo, New York worked from the hours of 0700 through 2230 and the plaintiff performs labor as shown in attached exhibit A5 - plaintiff's time report. The defendant's pursuant to 29 U.S.C. SEC. 207 fail to compensate the plaintiff for the overtime labor performed at the Tops Friendly Markets site in the amount of approximately $3700 of which plaintiff seeks as compensatory relief pursuant to 29 U.S.C. SEC. 216(b). Plaintiff additionally seeks as punitive relief due to defendant's wilful actions to not compensate the plaintiff pursuant to 29 U.S.C. SEC. 216(b) the total amount of $3700. The proper amounts will be established at trial on the merits for this cause of action.

e. **THE COMMUNITY PLACE**

1. Defendant's owe to the plaintiff compensation for the labor performed on Juneteenth due to such date the defendant's contracted employer of the community place Jordan Health Center employees needing access to the building and plaintiff working on such date in which

14

the defendant's fail to compensate the plaintiff for the overtime performed on such date of20[th] day of June 2022 due to federal observance of the holiday in which the plaintiff is owed the amount of $168 holiday pay for such additionally plaintiff is owed time and a half pursuant to 29 U.S.C. SEC. 207

f. **PINNACLE APARTMENTS**

1. Plaintiff Christopher Brown compensated by the defendants for labor performed at the defendant's contracted primary place of employment located at 919 South Clinton Ave Rochester, New York 14620. Plaintiff removed from defendant's primary place of employment due to defendant's employee wanting the plaintiff's bookbag. Plaintiff holding legal paperwork, and XBOX console within bookbag refuted to leave bookbag where it could be stolen. Thus, resulting in plaintiff being removed from such site with only a few hours worked at defendant's site in 2022.

g. **CHARTER – SPECTRUM**

1. Defendants owe plaintiff for overtime performed by the plaintiff for when the defendant's employee Greg went on vacation from the dates of approximately07 day of July 2022 through 14 day of June 2022. Plaintiff terminated shortly after the return of defendant's security guard's vacation on14 day of July 2022.

15

Plaintiff was to be compensated at the amount of $18 dollars per hour for hours of labor performed under 40 hours per week and at the rate of approximately $27 per hour for each hour of labor performed more than 40 pursuant to title 29 U.S.C. SEC. 207.  Plaintiff Christopher Brown is entitled to the total amount of approximately $1732.5 for the overtime labor performed at the defendant's primary place of employment located at 71 Mount Hope Avenue of Rochester, New York 146____ and labor performed at 100 Towne Centre Drive located at Rochester, New York 12623. Defendants fail to compensate the plaintiff for the overtime performed by the plaintiff.

22. Plaintiff seeks relief for all unpaid labor for overtime pursuant to 29 U.S.C. SEC. 216(b).  The proper amounts in which the defendant's owe to the plaintiff will be established through trial and discovery of within these judicial merits the amounts presented are the amounts pre – deceived due to documentation and information presented.

**RELIEF FOR FAILURE TO COMPENSATE PER 29 U.S.C. SEC. 207**

23. Due to defendant's failure to compensate the plaintiff for overtime pursuant to 29 U.S.C. SEC. 207 as shown in the attached exhibits

24. Defendants have the ordinary duty pursuant to 29 U.S.C. SEC. 207 to compensate the plaintiff for any work performed in excess of 40 hours at the rate of time and a half.  Due to defendant's failure to compensate the plaintiff at

16

specified amounts in paragraphs 21 the defendants owe to the plaintiff the allocated amount of $8543.84 as shown in the attached exhibits pursuant to 29 U.S.C. SEC. 216(b). The proper amount will be allocated to depict the amount owed to the plaintiff through the discovery and trial on these merits.

25. Wherefore plaintiff is entitled to compensatory and punitive damages relief pursuant to 29 U.S.C. SEC. 216(b) plaintiff is entitled backpay of the full amount of $ 8543.84 due to defendant's failure to compensate for loss overtime wages. Plaintiff is entitled to liquidated damages as punitive punishment in the amount of $8543.84 which equates to double the amount of plaintiff's loss wages to further prevent the defendant from not properly compensating the plaintiff for the overtime performed from 14 day of April 2022 through 14 day of July 2022 pursuant to 29 U.S.C. SEC. 216(b). Plaintiff is entitled to recovery of all costs and attorney's fees associated with the current matter Christopher Brown v Allied Universal Protection Services pursuant to 29 U.S.C. SEC. 216(b). Plaintiff additionally seeks injunctive relief by the courts pursuant to 29 U.S.C. SEC. 216(b) of an order establishing the provinces of 29 U.S.C. SEC. 201 et seq. specifically the laws and statutes surrounding the compensation of the plaintiff. Additional plaintiff is entitled to all other such remedies the court find just through these judicial proceedings.

## SECOND CAUSE OF ACTION - WRONGFUL TERMINATION IN VIOLATION RETALIATION LAWS UNDER FAIR LABOR STANDARDS ACT

### RETALIATION PURSUANT TO 29 U.S.C. SEC. 215(a)(3)

26.  This action is brought forth under the provisions established pursuant to, *29 U.S.C. Section 215(a)(3),* in the pursuit of relief against Defendants for unfair employment practices of retaliation.  Jurisdiction of this court pursuant to *29 U.S.C. section 216(b).*

27.  Plaintiff filed wage and hour claim with the Department of Labor Wage and Hour Division on Plaintiff filed with the following agencies New York State Department of Labor, Washington, D.C Department of Labor for violations of *29 U.S.C. Sec. 201 et. seq. known as the Fair Labor Standard Act.*  Department of labor failed to adopt case and issued plaintiff a right to sue letter under *29 U.S.C Sec.216(b*

28.  Plaintiff Christopher Brown on in 2022 engaged in reporting to the Washington, DC Department of Labor Wage and Hour Division.  Plaintiff Christopher Brown reported to the New York State Department of Labor on also in 2022.  Plaintiff discharged by defendants after engaging in protected activities pursuant to 29 U.S.C. Sec. 215(a)(3) of such said documentation. defendants engaged in retaliation against Plaintiff for filing such documentation.

**ADVERSE ACTIONS**

29. Defendants' actions to retaliate against the plaintiff consisted of the following:

   a.  Defendants engage in actions of which from 18 day of April 2022. The defendant's actions were to not compensate the plaintiff for all labor performed.  Plaintiff Christopher Brown reported through plaintiff's online portal, telephone call and amidst meeting with defendant's employees and asked plaintiffs for appropriate

compensation starting on approximately 18 day of defendant's employee's consequent for engaging in protected activity.

b. Defendant's employees engaged in the act of illegally removing the plaintiff form third – party sites from the dates of 18 day of May 2022 through 14 day of June 2022 in violation of *29 U.S.C. Sec. 215(a)(3)*.

30. Plaintiff's complaints with Department of Labor would institute a protected activity under provisions established in FLSA – *42 U.S.C. 215(a)(3)*. Plaintiff engages in protected activity under the provisions of the Fair Labor Standards Act by demonstrating to the courts the documentation asserting claims with such an agency and engaging in concerted activities regarding labor and compensation.

31. Casual Connection exists between the temporal proximity in time in which the plaintiff Christopher Brown's engages in protected activity of reporting of issues regarding compensation and the defendant's Allied Universal's employees' actions to remove the plaintiff from contracted employers from the dates of 18 day of April 2022 through 14 day of July 2022. Defendants essentially terminate the plaintiff on 14 day of July 2022 without compensating the plaintiff for the labor performed by the plaintiff.

32. Throughout the plaintiff's employment the plaintiff engages in protected activity first inquiring defendants of wage practices on approximately 29 day of April 2022. Plaintiff through email questions the rates of employment to

defendant's client manager Gregory Fergusson and Defendant's Employee Liaison Karen Alianell.

33. Plaintiff while working for defendant's Allied Universal Protections Services LLC for contracted employer of Rochester Greater Regional Transit Authority on approximately 19 day of May 2022 held conversation with defendant's Employee Liaison Karen Alianell with Branch Manager Thomas Pollhamus on listened through telephone call. Plaintiff at such time made report to defendant's pursuant to 29 U.S.C. SEC. 207 for failure to adequately compensate for overtime and additionally internal report due to violations of company policy based upon on-the-job harassment by defendant's contracted employer Rochester Greater Regional Transit Authorities employee Jermaine. Defendant's illicit initial adverse action through violation of 29 U.S.C. SEC. 215(a)(3) by terminating the plaintiff from employment at the Rochester Greater Regional Transportation Authority primary place of employment on 19 day of May 2022.

    a. Defendants should have entrusted their security guard and fought for contracted employee of the defendant to have consequences due to plaintiff's internal whistleblower report. Defendants at such time lacked loyalty in employees' work and more so loyalty towards the Federally Funded State imbursed funded contract of compensation. FEDERAL LAWS SURROUNDING FEDERAL FUNDING OF STATE AID.

## THIRD CAUSE OF ACTION – DISCRIMINATION BASED UPON SEX AND RACE PURSUANT TO NEW YORK STATE HUMAN RIGHTS LAW – N.Y. EXEC. LAW ART. 15 SEC. 296

34.  Plaintiff will amend the complaint after accrual of documentation from the New York State Department of Human Rights in regard to investigation in support of plaintiff's claim as to such would be adherent based upon Western District Court having supplemental jurisdiction to supplement the plaintiff's federal claims.

## FOURTH CAUSE OF ACTION – FORCED LABOR IN VIOLATION OF 13TH AMENDMENT RIGHT - 18 U.S.C. SEC. 1589

35.  Federal question arises due to the nature of the events escribed in this complaint have the defendant's violated the plaintiff's 13th Amendment right.

36. Plaintiff employed by defendant from the dates of 13 day of April 2022 through 14 day of July 2022 as a security guard within defendant's security services.  Defendants continually throughout plaintiff's employment engage in actions which were violations of 18 U.S.C. SEC. 1589 before and after the plaintiff mentions the law to the defendants' employees.

37.  Defendants' employees on several occasions coerce and threaten the plaintiff of serious harm of loss of employment if the plaintiff didn't engage in employment through defendant's contracted places of employment. Defendants' employees directly violate the plaintiff's 13th Constitutional amendment pursuant to 18 U.S.C. SEC. 1589 by subjecting the plaintiff to

21

forced labor without compensation and benefiting from such labor. Defendants' employees through intentional means subjected the plaintiff to forced labor and through coercive methods and threats of serious harm that if the plaintiff had not performed the labor, then the plaintiff would suffer financial harm through loss of employment.

38. Defendants continuously employ the plaintiff into employment of places in which the employees would harass, coerce and or attempt to intimidate the plaintiff. Plaintiff due to fear of injury and loss of employment engaged in employment with the defendant's due to Covid – 19 and lack of alternate employment sourced within the Rochester, New York area. Plaintiff Christopher Brown sought several sources within defendant's organization to help prevent and or halt the forced labor as plaintiff sought compensation for the labor performed within the defendant's organization.

39. Plaintiff on 14 day of July 2022 could no longer endure the physical and mental damage the defendant's cause onto the plaintiff and plaintiff accepted suspension without the look or returning upon the defendants for employment. Plaintiff after injury working for defendant's contracted employer on approximately 14 day of May 2022 acknowledged that the defendant's employee did not have the plaintiff best interests at hand due to non – report of the plaintiff's injury. Defendant's employees through their subjection to employment pursuant to 18 U.S.C. SEC. 1589 from the dates of 13 day of April 2022 through 18 day of May 2022.

40. As the law permits the plaintiff is entitled to relief of the defendant's actions pursuant to 18 U.S.C. SEC. 1595 additionally the plaintiff seeks the maximum amount in compensatory and punitive damages for the defendant's violations of the law. Due to defendant's actions purported onto the plaintiff of which were to subject the plaintiff to forced labor pursuant to 18 U.S.C. SEC. 1589(a) the plaintiff can recover damages for the defendants' actions.

41. Due to defendant's employees' actions of which were intentional, wilful, wanton and malice to subject the plaintiff to forced labor in violation of the plaintiff's 13 amendment right through subjection to forced labor pursuant to 18 U.S.C. SEC. 1589 the plaintiff is severely damaged through loss of career which equates to loss wages and reputational harm; plaintiff suffered emotional distress and psychological trauma due to failure to report on-the-job injury.

42. Plaintiff seeks from the courts judgement against the defendant's for the actions escribed above of compensatory damages as stated in paragraph above, to include all pecuniary and non-pecuniary damages which incur as a loss to the plaintiff; punitive damages of a amount that will such further deter the defendant from engaging in any other actions or conduct that the plaintiff was subjected to during employment; the applicable provisions of the law for interest both post and pre-judgement; additionally costs of the courts and judicial fees; together with any other relief the courts may deem necessary for these judicial proceedings.

## FIFTH CAUSE OF ACTION - CONSPIRACY TO DEPRIVE PLAINITFF OF CIVIL RIGHTS

43. Plaintiff Christopher Brown brings forth merits based upon the conspiracy to deprive the plaintiff of his 13th Amendment Civil right to not be subjected to forced labor pursuant to 42 U.S.C. SEC. 1985(c) equal protection clause and equal privileges and immunities under the law; against the defendant's Allied Universal Protection Services LLC. Defendant's engagements and actions to conspire to commit the plaintiff to not only forced labor yet additionally human trafficking pursuant to The Victims Protections Act pursuant to 18 U.S.C. SEC. 1589. Defendant's actions were to deprive the plaintiff of his 13th Constitutional Amendment right and subject the plaintiff to forced labor through the premises of employment. Defendants bear the serious threat upon the plaintiff of termination if plaintiffs did not meet defendant's demands. Plaintiff seeks compensatory punitive; injunctive; and declaratory relief for the defendant's actions pursuant to 42 U.S.C SEC. 1985. 42 U.S.C. SEC. 1986 explicitly provides applicability of the law for those who are directly involved in the conspiratorial actions of which directly affect the plaintiff due of the attached exhibits, affidavits and testimony to be given by the plaintiff in support of the merit claim by the plaintiff of the defendant's liability for employee engagements based upon conspiracy. Federal question arises due to the nature of the events escribed in this complaint have the defendant's violated the plaintiff's 13th Amendment right.

44. Defendant's employees Branch Manager Thomas Pollhamus, Branch Manager Ellen Tucker, Branch Manager and Accountant Tabitha all of whom conspired through private meetings without plaintiff present in June of 2022 to force the plaintiff to work for the defendant's known conflict of interest contractor of Charter – Spectrum located at 71 Mount Hope Avenue of Rochester, New York.

24

45. Defendant's employees engaged in such actions against the plaintiff with the threat of serious harm pursuant to 18 U.S.C. SEC. 1589 defendant's employees conspired to force the plaintiff to commit to labor through the element of psychological, financial, reputational, and other such serious harm through the threat of termination. At such time defendant's employees engaged in the aspect of privately held meetings in which such terms, contracts, and other avenues of the employment conditions were held. During such meetings the defendant's employees privately discussed the conspiracy to employ the plaintiff at lower wages than current employees who worked for the defendant at the same location of Charter – Spectrum located at 71 Mt. Hope Ave of Rochester, New York; defendants employees conspired for the plaintiff to work for a known legal conflict of interest; defendant's Branch Manager Ellen Tucker stated to the plaintiff:

   a. "We are extremely busy if we can't circle around whether or not you want this job then we will have to part ways". "We are offering you a job yes or no or were walking away "and then forced plaintiff to sign the wage and hour agreement form.

46. Defendant's Branch Manager and Accountant employee Tabitha stated to the plaintiff that "32 is full time, over 30 is considered full time in New York State; and this is 32 hours". Due to defendant's actions to conspire pursuant to 42 U.S.C. SEC. 1985(c) against the plaintiff through the threat of serious harm and subjection of the plaintiff to forced labor pursuant to 18 U.S.C. SEC. 1589 the plaintiff is damaged. Due to defendant's intentional, willful, and wanton malice to induce further harm onto the plaintiff through further subjection of forced labor on to the plaintiff through the ailment of forcing contractual obligations

25

for the plaintiff to keep his position of employment as a security guard or termination.

47. Defendants' actions to conspire against the plaintiff incur such damages onto the plaintiff of lost wages, psychological damage, reputational harm, loss of job, emotional damage, enjoyment of life, humiliation, and pain and suffering.

48. Plaintiff is entitled to punitive damages relief, compensatory damages relief, injunctive relief, and declaratory relief pursuant to 42 U.S.C. SEC. 1985(c) as to it bears the applicability for the plaintiff to bring forth civil action for violations pursuant to 18 U.S.C. SEC. 1589.

49. Plaintiff Christopher Brown is entitled to compensatory relief for pecuniary losses due to lost wages in the amount of all lost wages for the loss of income as the law permits. Plaintiff is entitled to compensatory relief for pecuniary losses due to out-of-pocket expenses which incur due to loss of income; forward pay from 14 day of July 2022 through the date in which the law states such losses are applicable and will be determined through trial on the matter.

50. Plaintiff is entitled to compensatory relief for the costs associated with the plaintiff's need for mental health therapy due to the defendant's employees' actions which violated the trust between the plaintiff and defendant through the conspiracy to force the plaintiff to force labor. Plaintiff's total amount of mental health therapy will be determined through trial on the merit. The plaintiff will need mental health therapy for an undisclosed amount of time. The courts should find it reasonable to award judgement in favor of the plaintiff

26

for the plaintiff to receive the appropriate professional mental health therapy moving forward due to defendant's actions of forced labor which have adverse effects on the psychological health of the plaintiff.  With no determination on the amount of time for the healing in which such psychological therapy shall take, the courts should be very generous in applying such financial judgement against the defendants.

51.  Plaintiff Christopher Brown is entitled to punitive damages for relief of an amount in which the court will decide through trial on the merit of an amount reasonable to deter the defendants from conducting any such further actions similar to the actions in which were purported against the plaintiff in the matter.

52.  Plaintiff Christopher Brown seeks injunctive relief of the courts upon reinstating to the defendant's primary place of business of which the courts will monitor the defendant's actions against the plaintiff and if found that defendant's engage in similar actions against the plaintiff that the courts will impose a substantial amount of fines upon the defendant's to be paid upon the plaintiff.

53.  Plaintiff seeks declaratory judgement against the defendant, which states that the defendants at such time of employment the defendant's engaged in conspiratorial conduct against the plaintiff.

54.  Plaintiff is entitled to costs and fees of the judicial proceedings for this merit of a reasonable amount to cover the costs of these judicial proceedings to be

paid upon the plaintiff of an amount to determined through trial on these judicial proceedings.

## SIXTH CAUSE OF ACTION - PERJURY IN VIOLATION OF 18 U.S.C. SEC.  1505; 18 U.S.C. SEC. 1621 – OBSTRUCTION OF JUSTICE

55. Defendant's legal representation of Audra Caldwell of 161 Washington Street, Suite 600 Coonshocken, PA 19428 with email address of Audra.Caldwell@aus.com engages in acts of which were to falsify the facts of the plaintiff's discrimination complaint agency investigation onto the New York State Department of Human Rights Case No. 10217605 Federal Charge No. 16GC202766 to alter and or determine the outcome of the agencies decision in violation of 18 U.S.C Sec. 1505 AND 18 U.S.C. SEC. 1621.

56.  Written in context the defendant's legal representation states to the New York State Department of Human Rights the following "On or about April 13, 2022, Mr. Brown was hired and initially assigned to work at Excellus Health Plan Inc. This position paid $17.00 per hour.  At that time, the client had a policy requiring all contracted employees to be vaccinated against COVID-19 without exceptions.  Although Allied Universal does not have a policy requiring its employees to be vaccinated against COVID-19, several of Allied Universal's clients will only allow vaccinated individuals to work at their sites, and in certain situations there is no exception to that mandate.  Mr. Brown indicated that he refused to be vaccinated and therefore did not meet the clients' requirements for this position. "Throughout the entirety of the New York State Department of Human Rights investigation initiated by the plaintiff in 2022.

28

57. Attached to this complaint is a exhibit the required COVID-19 shot that defendant's required of the plaintiff prior to accepting plaintiff to work for the defendants. Defendant's Allied Universal's employees state to the plaintiff that the plaintiff needs to have such medical shots documented within the defendant's system. Such would justify that prior to plaintiff's employment the plaintiff had all necessary documents to engage in employment with the defendants.

58. Plaintiff emails the defendant's copy of Covid-19 vaccination; plaintiff texts copy of Covid-19 Vaccination; plaintiff provides copy of Covid-19 Vaccination in which defendant's employee Reginald Lane Hr take copy of such document to implement into folder and places upon defendant's employees Karen Alianel's desk.

**Falsification of Labor Documentation**

59. Defendants engage in the act of applying through an exhibit based upon fraudulent record keeping in violation due to the failure to keep proper labor records as well with to persuade the determination outcome through the New York State Department of Human Rights Investigation in the attached exhibit defendants exert through NYSDHR investigation the documents labeled " Allied Universal Security Services – Time Keeping Report ". Defendant's fail to properly keep allocation of the plaintiff's labor performance and purport falsified documentation onto the investigating third – party. Plaintiff placed upon leave due to investigation by the defendants due to Charter – Spectrum Security Protocol Report of loss of sight with third – party Charter – Spectrum security camera's on 14 day of July 2022 plaintiff is terminated from

employment with Charter – Spectrum as shown in attached exhibit "Conversation between Plaintiff Christopher Brown and Defendant's Employee Thomas Pollhamus. Defendants within such documentation mention several other inferences against the facts of the case to alter the outcome of the New York State Department of Human Rights investigation in favor of the defendant in the matter.

60. Defendant's lawyers and employees intentionally engage in such actions to deliberately detour the outcome of the New York State Department of Human Rights investigation pursuant to 18 U.S.C. SEC. 1505 and 18 U.S.C. SEC. 1621 undermining the integrity of the Western District Courts, Supreme Courts, and the judicial entity as a whole and should be punished with the maximum by the maximum amounts proscribed by the law. The courts have administrative pre-requisites prior to bring forth claims pursuant to 42 U.S.C. SEC. 2000 et seq., and New York Executive law Article 15 Section 296 in both state and federal courts that the plaintiff must exhaust all administrative remedies prior to bringing forth claims; defendant's intentional actions prevented the U.S. agencies from properly establishing investigations of the plaintiff's claims against the defendant. Although some actions were brought forth by the employees of both state and federal U.S. agencies the defendants are liable for the actions of which undermine the administrative judicial proceeding.

61. Wherefore due to defendant's intentional actions to undermine the court the plaintiff seeks declaratory relief from the courts stating that defendants engaged in such actions of which were to undermine the integrity of the judicial body of both state and federal court; plaintiff seeks the maximum imposition of fines

associated with the defendants employees actions; such declaratory relief would be to further bring forth claims against the defendant based upon fraud.

## SEVENTH CAUSE OF ACTION – DISCRIMINATION BASED UPON SEX AND RACE PURSUANT TO 42 U.S.C. SEC. 2000e-2

62. Plaintiff filed with equal opportunity employment commission on approximately 01 day of May 2022 for the defendant's acts of racial and sexual discrimination pursuant to 42 U.S.C. SEC. 2000e-2. The language pursuant to 42 U.S.C. SEC. 2000e-2 strictly prohibits discrimination based upon race and sex within the employment environment.

63. Plaintiff brings forth complaint due to defendants' engagement in racial and sexual discrimination pursuant to 42 U.S.C. SEC. 2000-2. Defendant's actions of discrimination based upon race and sex, were based upon the prevention of the plaintiff's medical assistance at the time of need due to on-the-job injury in violation of state medical policy laws; due to failure to properly compensate the plaintiff pursuant to 29 U.S.C. SEC. 206(d); failure to promote the plaintiff; failure to investigate whistle blower complaint; and the creation of a hostile work environment based upon race and sex pursuant to 42 U.SC. SEC. 2000e-2.

64. Defendants throughout the course of the plaintiff's employment favored employees of whom were alternate race and sex of the plaintiff from the dates. An example would be defendants allowing employees to have day(s) off from work without consequence due to defendant's employee having a medical issue due to car accident. Thus, forcing the plaintiff to work without properly compensating the plaintiff for the same equal like work performed additionally

31

not allowing for medical treatment pursuant to 42 U.S.C. SEC. 2000e-2 would establish precedence for racial and sex discrimination. Establishing precedence that plaintiff could not seek medical services due to plaintiff's on-the-job injury which occurred at the defendant's contracted primary place of business through RGRTA. Plaintiff Christopher Brown sustained injury on-the-job while working in which plaintiff suffered disfigurement of the plaintiff's toe. Defendants have the ordinary duty to provide to the plaintiff medical services at the time of the incident per state and federal applicable laws; Defendant's failed to provide medical services, and the plaintiff had to endure pain and mental duress when plaintiff should have been placed upon workers compensation due to on-the-job injury per state and federal law. Defendant's employees induce the plaintiff to work; violate the plaintiff's right to privacy by giving the defendant's employee the plaintiff's telephone number and other such policies; and then such further do not compensate the plaintiff for the work performed. The plaintiff is a African American male and the defendant's employee is a Caucasian female.

65. Plaintiff throughout the judicial proceedings will acquire additional information from the defendants in support of the plaintiff's claims of race and sex discrimination. Defendants on several occasions failed to compensate the plaintiff appropriately and would not only undermine the plaintiff yet socially try dehumanizing the plaintiff. Plaintiff was subjected to less than favorable treatment by the defendant's female and Caucasian employees in which on several occasions would conspire against the plaintiff to subject the plaintiff to forced labor in violation of 42 U.S.C. SEC. 2002e-2. These acts created a hostile work environment for the plaintiff due to defendant's employees' actions.

32

66. Due to the defendant's actions of the defendant's employee to discriminate against the plaintiff based upon race and sex the plaintiff is damaged and suffers losses due to medical expenses; loss of compensation; harm to plaintiff's reputation within the plaintiff career as a security guard and other such damages to be proven at trial on the merit.

67. Due to defendant's intentional actions to permit the plaintiff to race and sex discrimination in violation of 42 U.S.C. SEC. 2000e-2 the plaintiff is entitled to relief pursuant to 42 U.S.C. SEC. 2000e-5.

68. Plaintiff through these judicial proceedings seeks relief and judgement against the defendants employees for actions stated above, pursuant to 42 U.S.C. SEC. 2000e-2 of the relief stated with 42 U.S.C. SEC. 2000e-5 specifically a declaration from the courts stating that the defendant's engaged in actions to discriminate against the plaintiff for the plaintiff to bring forth additional claims against the defendant based upon employment fraud; plaintiff seeks the total amount of all lost compensation and compensation to be established based upon the laws provisioned within title 42 U.S.C. SEC. 2000 et. seq. to establish forwards pay onto the plaintiff in the event that the plaintiff's reinstatement is not feasible for the defendants'; plaintiff also seeks damages for the psychological and physical harm induced by the defendant's additionally other damages relief to make the plaintiff whole of an amount that will be construed through trial on the merits; plaintiff also seeks judgement of relief for punitive damages of a reasonable amount to deter the defendants from permitting any such further actions onto the plaintiff or other employees; plaintiff also seeks judgement for federal interests as allowed by the federal statutory laws

provisioning such; plaintiff seeks the costs and fees associated with these judicial proceedings, together with any other relief the courts may justify redeemable or award onto the plaintiff for these judicial proceedings.

## EIGHTH CAUSE OF ACTION – WRONGFUL TERMINATION BASE RETALIATION PURSUANT TO 42 U.S.C. SEC. 2000e-3

69. Plaintiff in 2022 filed with the Equal Employment Opportunity Commission complaint based upon race, compensation, , and sex discrimination additionally retaliation satisfying the Western District Courts legal obligation to have such investigation performed prior to bringing forth merits pursuant to 42 U.S.C. SEC. 2000e-2 for litigation.

70. Plaintiff is a member of a protected minority class pursuant to 42 U.S.C. SEC. 2000e-2. Plaintiffs' engagement in protected activity pursuant to 42 U.S.C. SEC. 2000e-3 through filing of such complaint; and engaging in efforts with management and human resources as the language of the 42 U.S.C. SEC. 2000e-3 provisions prevents any such retaliatory adverse actions against the plaintiff.

71. Defendants engage in a multitude of adverse actions onto the plaintiff after plaintiffs' engagements into protected activities and through force labor the defendant's employees branch manager Ellen Tucker and branch manager – accountant Tabitha through the threat of serious harm of loss of employment and coercion pursuant to 18 U.S.C. SEC. 1589 forced the plaintiff to employment through known conflict of interest Charter – Spectrum. As shown in the attached exhibit D1. Defendant's employees additionally from 01 day of

May 2022 through 14 day of July 2022 remove the plaintiff from multiple sites and force the plaintiff to work for the defendant without compensation.

72. Defendant's as shown in the attached exhibit A5, exhibit A4, and exhibit A3, engaged in several adverse actions

73. Due to the defendant's intentional, wilful, malicious and wanton actions to retaliate against the plaintiff pursuant to 42 U.S.C. SEC. 2000e-3 the plaintiff is harmed and damaged and seeks the maximum relief in damages pursuant to 42 U.S.C. SEC. 2000e-17, 42 U.S.C. SEC. 2000e-4, and 42 U.S.C. SEC. 1981(a). Plaintiff suffers from psychological harm, financial harm due to loss of pay, and loss of career. Defendant's actions after plaintiff's filing of complaint with equal employment opportunity commission and engaging in protected activity were to remove the plaintiff from employment, reduction of the plaintiff's labor hours, administration of disciplinary documentation, termination, threats of loss of employment, non-providing of uniforms, and forced labor as retaliation in violation of 42 U.S.C. SEC. 2000e-3. Defendants' employees engage in actions to morally and socially dehumanize the plaintiff.

74. Plaintiff on 14 day of July 2022 was suspended by the defendants due to report of camera failure to contracted employee of Charter – Spectrum Toby which strongly references the nickname of the historical character from the roots Kunte Kinte through contracted employers reporting line. Plaintiff after such became employed at an alternate place of business in approximately October of 2022 through Securitas as a security guard accepting less pay than the last

35

position in which the plaintiff held with defendant's Allied Universal Protection Services.

75. Plaintiff Christopher Brown on multiple instances attempted to contact the defendant's CEO and alternate employees outside of the local branch to file complaint due to concerns of which violated the defendants' Allied Universal Protection Services policies as shown in the attached exhibit C2. Plaintiff Christopher Brown received minimal response from the defendant's employees upon assertion of complaints.

76. There is a close proximity from the time in which the plaintiff filed report with the equal employment opportunity commission and the multiple times the plaintiff was removed from the defendant's contracted primary place of business locations additionally with the plaintiff's termination on 14 day of July 2022 from the Charter – Spectrum location of 71 Mount Hope Ave Rochester, New York, and defendant's Allied Universal Protection Services. Plaintiff suffers losses from the date of initial report and the date of termination pursuant to 42 U.S.C. SEC. 2000e-5.

77. Due to defendant's intentional actions to retaliate against the plaintiff pursuant to 42 U.S.C. SEC. 2000e-3 through the actions and efforts established throughout this complaint the plaintiff is entitled to relief pursuant to 42 U.S.C. SEC. 2000e-5.

78. Wherefore the plaintiff is entitled compensatory relief, punitive, relief, injunctive relief, costs and fees, together with any other relief the courts may deem necessary throughout these judicial proceedings. The specific amount to be determined through the trial on these judicial proceedings as to such punitive and alternate amount cannot be produced without either the overseer or the people who will vote in favor of the plaintiff due to the actions supported by the judicial merits of this complaint for relief.

## PRAYER

Due to the defendant actions the plaintiff seeks judgements against the defendants in the amount of which the plaintiff files this lawsuit for and nothing less than $19,000,000 for the actions and merits escribed within this judicial complaint. Defendant's actions were deliberate and plaintiff through forced labor and illegal deceptive employment practices had to endure the defendant's actions in violation of the law.

ENTERED ON 13

DAY OF JUNE 2025

CHRISTOPHER BROWN

3349 MONROE AVE SUITE 106

ROCHESTER NEW YORK 14618

PRESIDING:

HON. ELIZABETH A. WOLFORD

100 STATE STREET

ROHESTER, NEW YORK 14614


ALLIED UNIVERSAL PROTECTION SERVICES

180 SOUTH CLINTON AVE

ROCHESTER, NEW YORK